UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Case No.  14-cv-05521

JAHANGER SIDDIQEI, on behalf of himself
individually and all others similarly situated,

                                                     Plaintiff,

                                                     **CLASS ACTION**
       -against-                                          **COMPLAINT**

NATIONWIDE CREDIT, INC.,

                                                   Defendant.
------------------------------------------------------------------------X

        Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

INTRODUCTION

        1.       That this is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

        2.       That, further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3.	That this Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4.	That this Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5.	That plaintiff is a natural person who resides in this District.

6.	That plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as he is a natural person who is alleged by defendant to owe a financial obligation.

7.	That the financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes and concerned a defaulted secondary residential mortgage loan.

8.	That plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9.	That defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10.	That defendant uses the mail and other means to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11.	That the principal purpose of defendant's business is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

12. That defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. That upon information and belief, defendant is a foreign business corporation incorporated in Georgia.

## FACTUAL ALLEGATIONS

14. That plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. That in or around June 2006 plaintiff acquired a secondary mortgage to secure a loan for the purchase of his residence.

16. That beginning in or around March 2007 at the latest, the creditor of the loan alleged that plaintiff's account had fallen into default.

17. That no payment was made on the loan after February 2007.

18. That thereafter, plaintiff received two letters from Ocwen Loan Servicing, LLC. ("Ocwen") concerning the defaulted loan.

19. That, on information and belief, Ocwen was servicing the loan on behalf of the creditor.

20. That the first letter is dated May 22, 2014 and stated that the total amount due is $191,085.38.

21. That, further, the letter stated that the principal balance of the debt is $101,899.69.

22. That, further, the letter stated that the interest rate on the debt is 0%.

23. That the second letter which plaintiff received from Ocwen is dated June 23, 2014.

24. That said letter is identical in all respects material to this action to the letter dated May 22, 2014.

25. That the letter dated June 23, 2014 stated that the total amount due is $191,085.38.

26. That said letter also stated that the principal balance of the debt is $101,899.69.

27. That the letter further stated that the interest rate on the debt is 0%.

28. That thereafter plaintiff received a letter from defendant concerning the same debt.

29. That defendant's letter is dated July 8, 2014.

30. That in said letter defendant demanded payment of the debt.

31. That in said letter defendant stated that the balance is $191,085.38 "as of 07/08/2014".

32. That in said letter defendant made a settlement offer to plaintiff.

33. That defendant further stated in the letter, in pertinent part:

"Because of interest, late charges or other charges, that may vary from day to day, payments or credits not yet applied to your account or returned items, to the extent you choose to make a payment, the exact Account Balance may be different from the amount shown in this letter. Hence, if you choose to pay the Account Balance shown above, an adjustment may be necessary after we receive your payment. If your creditor requires an adjusted amount to consider your entire Account Balance paid, we will inform you. To obtain the exact balance of the Account Balance on a specific day or for further information, please contact us."

34. That plaintiff was confused, perplexed and surprised upon receipt of defendant's letter because after receiving Ocwen's letters plaintiff believed that no interest or late charges was accruing on the debt.

## AS AND FOR A FIRST CAUSE OF ACTION

False allegation that debt balance may vary

15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

35. That plaintiff re-alleges paragraphs 1-34 as if fully re-stated herein.

36. That defendant's statement in its letter that

"Because of interest, late charges or other charges, that may vary from day to day, payments or credits not yet applied to your account or returned items, to the extent you choose to make a payment, the exact Account Balance may be different from the amount shown in this letter. Hence, if you choose to pay the Account Balance shown above, an adjustment may be necessary after we receive your payment. If your creditor requires an adjusted amount to consider your entire Account Balance paid, we will inform you. To obtain the exact balance of the Account Balance on a specific day or for further information, please contact us"

is false, deceptive and misleading.

37. That defendant stated in its letter that interest and late charges may vary from day to day.

38. That defendant stated that because of the variation in the interest and late charges, the exact account balance may be different from the amount shown in the letter.

39. That the creditor had ceased applying interest and late charges to the account balance at least several months before defendant sent its letter to plaintiff.

40. That no interest was accruing on the account balance.

41. That no late charge was accruing on the account balance.

42. That the interest on the account balance did not vary from day to day.

43. That the late charges on the account balance did not vary from day to day.

44. That defendant knew that no interest was accruing on the account balance.

45. That defendant knew that no interest would be added to the account balance.

46. That defendant knew that no late charges would be added to the account balance.

47. That defendant's statement quoted above would lead the least sophisticated consumer to believe that interest and late charges would be added to the account balance, which would cause the balance to increase from day to day.

48. That, in fact, the account balance was never subject to be increased due to the addition of interest or late charges.

49. That the account balance was never subject to be increased due to the addition of interest or late charges is evidenced by the fact that since, at the very latest, May 2014, the account balance had remained exactly the same.

50. That the account balance was never subject to be increased due to the addition of interest or late charges is also evidenced by the fact that in Ocwen's two letters to plaintiff, Ocwen stated that the interest rate on the debt is 0%.

51. That additional evidence that late charges were not being added to the account balance is the fact that the account balance remained exactly the same since, at latest, May 2014, despite the fact that plaintiff had not made a payment on the debt since the year 2007.

52. That defendant included the statement that the account balance may be different from the amount shown in the letter because of interest and late charges which may vary from day to day in all its form collection letters.

53. That defendant included the statement that the account balance may be different from the amount shown in the letter because of interest and late charges which may vary from day to day in all its form collection letters, notwithstanding the fact that some of the debts concerning which defendant sends the letters are debts whose balances are not accruing interest or late charges.

54. That defendant does not ensure that the debt balance is in fact accruing interest or late charges before it sends its form letter containing the statement.

55. That defendant does not send its form letter containing the statement only in respect of debts whose balances are in fact accruing interest or late charges.

56. That defendant included the statement that the account balance may be different from the amount shown in the letter because of interest and late charges which may vary from day to day to scare plaintiff into paying the debt promptly before the balance increased due to the addition of interest and late charges.

57. That defendant included the statement that the account balance may be different from the amount shown in the letter because of interest and late charges which may vary from day to day to scare plaintiff into accepting the settlement offer and paying the debt promptly before the balance increased due to the addition of interest and late charges.

58. That, however, an increase in the account balance due to addition of interest or late charges would not occur.

- 8 -

59. That defendant's statement that plaintiff's account balance may be different from the balance shown in the letter because of interest and late charges that may vary from day to day caused plaintiff to believe, erroneously, that the account balance would increase because of the addition of interest and late charges if he did not pay the debt promptly upon receipt of defendant's collection letter.

60. That defendant's statement that plaintiff's account balance may be different from the balance shown in the letter because of interest and late charges that may vary from day to day would similarly cause the least sophisticated consumer to believe, erroneously, that the account balance would increase because of the addition of interest and late charges if she did not pay the debt promptly upon receipt of defendant's collection letter.

61. That defendant's inclusion of the said statement is therefore a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

62. That defendant's inclusion of the said statement constitutes a false, deceptive and misleading representation or means used to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

## AS AND FOR A SECOND CAUSE OF ACTION

## NYGBL § 349

63.     That plaintiff re-alleges paragraphs 1 to 62 as if fully re-stated herein.

64.     That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

65.     That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons.

66.     That the collection letter dated July 8, 2014 which defendant sent to plaintiff is a mass-mailed form letter used by defendant.

67.     That defendant's said collection letter is derived from a letter form or letter template.

68.     That each year defendant sends its collection letter, similar to the one it sent to plaintiff, containing the false, deceptive and misleading statement that the account balance may be different from the balance shown in the letter because of interest and late charges that may vary from day to day, to thousands of consumers within New York State.

69.     That plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

70.     That plaintiff was confused, perplexed and surprised upon receipt of defendant's letter because after receiving Ocwen's letters plaintiff believed that no interest or late charges was accruing on the debt.

71. That defendant violated NYGBL § 349(a) and is liable to plaintiff under NYGBL § 349(h).

## CLASS ALLEGATIONS

72. That plaintiff re-alleges paragraphs 1-71 as if fully re-stated herein.

73. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as defendant's letter to plaintiff dated July 8, 2014; (b) the collection letter was sent to a consumer seeking payment of a consumer debt on behalf of Ocwen Loan Servicing, LLC.; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10). The class does not include defendant or persons who are officers, directors, or employees of defendant.

74. That the class shall be defined as follows:

*All natural persons with addresses within the State of New York to whom defendant sent a collection letter on behalf of Ocwen Loan Servicing, LLC. concerning a mortgage debt with an interest rate of zero percent on the date defendant sent the letter, which collection letter contains a statement that because of interest and late charges that may vary from day to day the exact account balance may be different from the amount shown in the letter, during the period from September 19, 2013 to September 19, 2014 inclusive, and which collection letter was not returned by the postal service as undeliverable.*

75. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by falsely stating that the account balance may be different from the balance shown in the letter because of interest and late charges that may vary from day to day, in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

76. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

77. That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

78. That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

79. That as a result of the above violations, defendant is liable to plaintiff and the members of the class for injunctive relief and damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b) awarding maximum statutory damages to the class pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(c) awarding maximum statutory damages to plaintiff pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(d) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(e) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(f) enjoining defendant from committing further deceptive acts and practices with respect to plaintiff pursuant to NYGBL § 349;

(g) awarding statutory damages to plaintiff pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

(h) in the alternative, awarding actual damages to plaintiff pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

(i) awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349; and

(j) for such other and further relief as may be just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
September 19, 2014.

/s/ *Novlette R. Kidd*
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com